IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:15cv417-HSO |
| | § | 1:13cr48-HSO-JMR-1 |
| RICHARD STEPHEN BELLOCK | § | |

### ORDER DENYING MOTION TO REMAND COURT ORDER FOR ATTORNEY JOHN WELLS TO RESPOND TO DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

**BEFORE THE COURT** is the Motion [126] of Defendant Richard Stephen Bellock ("Defendant"), to Remand the Court's Order [125] for Defendant's Former Attorney, John Wells, to Respond to Defendant's Motion [123] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Defendant moves the Court to "order that the attorney-client privilege . . . shall not be deemed automatically waived in any other federal or state proceeding by virtue of the above-ordered disclosure in this Section 2255 proceeding." Mot. [126], at 5. The Court finds that, for the reasons stated herein, the Motion [126] should be denied.

I. BACKGROUND

Defendant's pro se Section 2255 Motion [123] for habeas relief was filed on December 17, 2015. In its January 5, 2016, Order [125] entered pursuant to Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("Section 2255 Rules"), the Court found that preliminary consideration of Defendant's ineffective assistance of counsel claims established that summary dismissal of Defendant's Section 2255 Motion was not warranted.

The Court then ordered Defendant's counsel, John Wells, to respond to Defendant's allegations within thirty days by filing a written affidavit with the Court. The Court further and specifically found "that Defendant has waived his right to claim an attorney-client privilege in regard to his criminal case proceedings." Order [125], at 1–2.

On January 14, 2016, Defendant moved the Court to reconsider the declaration in its Order [125] that Defendant has waived his right to claim the attorney-client privilege. Mot. [126], at 1. Defendant argues that the Court should impose limitations on the future use of formerly-privileged information revealed in these proceedings. *Id.* at 4. Specifically, Defendant asks that his former counsel's affidavit, "be limited to use in this proceeding and the United States be prohibited from otherwise using the privil[e]ged information disclosed by Defendant[']s former counsel without further order of a court of competent jurisdiction or by written waiver by Defendant." *Id.* at 5.

## II. DISCUSSION

A.    Legal Standard

A habeas petitioner who asserts an ineffective assistance of counsel claim necessarily waives the attorney client privilege. *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) ("[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue."). The law is well-settled that

2

> [t]he attorney-client privilege is waived for any relevant communication if the client asserts as to a material issue in a proceeding that:
> (a) the client acted upon the advice of a lawyer or that the advice was otherwise relevant to the legal significance of the client's conduct; or
> (b) a lawyer's assistance was ineffective, negligent, or otherwise wrongful.

RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 80(1) (2000); *see also Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.").

B.  <u>Defendant Has Waived the Attorney-Client Privilege</u>

In petitioning this Court for habeas relief based on ineffective assistance of counsel, Defendant has impliedly waived his attorney-client privilege regarding communications with his attorney in his criminal proceeding that are relevant to the charges asserted in this proceeding. *See Wadford v. United States*, No. 2:06cr1294, 2011 WL 3489808, at *8 (D.S.C. Aug. 9, 2011) (holding it was not improper for a habeas petitioner's former counsel to disclose communications with his client in the context of an ineffective assistance of counsel claim). Defendant's Section 2255 Motion specifically accuses his former attorney of failing to gather and submit evidence, using an investigator who "at the behest of this attorney did nothing," failing to object to Government conduct that voided the Plea Agreement, failing to protect Defendant's due process rights, failing to challenge the civilian indictment "when the alleged crime was [committed] by active duty service

personnel," and of having "no understanding of the plea process or appellate process." Section 2255 Mot. [123], at 3,7.  These broad allegations open the door to a range of permissible disclosures by Defendant's former counsel.  *See Harrelson v. United States*, 967 F. Supp. 909, 915 (W.D. Tex. 1997) ("By accusing [his attorney] of multiple instances of ineffective assistance of counsel . . . movant has waived the attorney-client privilege with regard to a wide range of otherwise privileged communications.").

      Defendant relies on the American Bar Association's ("ABA") Formal Opinion No. 10-456, discussing ethical responses to claims for ineffective assistance of counsel, to urge the Court that "any such disclosure should be limited to that which the attorney believes is reasonably necessary and should be confined to 'court supervised' proceedings, rather than ex parte meetings with [the] non-client party." Mot. [126], at 3.  While an ABA opinion is not binding on this Court, *see Wadford*, 2011 WL 3489808, at *8, the Court nevertheless finds that its present Order [125] already reflects an effort to limit unnecessary exposure of formerly privileged information.  At this stage of the proceedings, the Court has not ordered Defendant's former counsel to turn over his client file or be subjected to out-of-court questioning by the Government's attorneys.  The Court's Order merely affords former counsel the opportunity to directly address Defendant's allegations of ineffective assistance in the form of an affidavit filed with the Court in order to respond to Defendant's claims.  *See id.*; *Hume v. Stephens*, No. 2:11-CV-0024, 2014 WL 988538, at *11 (N.D. Tex. Mar. 13, 2014) ("[C]ommunications between the

4

attorney and the client are the one source of evidence likely to contradict the client's allegations.") (internal quotation omitted).  The Court's Order [125] is already sufficiently narrowly tailored to obtain necessary information concerning Defendant's claims in a court-supervised setting.

C. A Protective Order is Not Necessary at this Time

Defendant moves the Court to "order that the attorney-client privilege . . . shall not be deemed automatically waived in any other federal or state proceeding by virtue of the above-ordered disclosure in this Section 2255 proceeding."  Mot. [126], at 5.  Although the Ninth Circuit has on occasion encouraged courts to issue preemptive protective orders preventing the use of habeas discovery materials in future legal proceedings, *see Lambright v. Ryan*, 698 F.3d 808, 819 (9th Cir. 2012); *Bittaker*, 331 F.3d at 721, no controlling Fifth Circuit case has been found which contains such instructions.

This Court is not convinced that the interests of justice would be served should the Court prematurely declare that communications revealed in these proceedings would once again be shielded by the attorney-client privilege in hypothetical future legal proceedings.  For example, when a habeas petitioner falsely accused his former defense counsel of ineffective assistance, he was successfully prosecuted for making a false material declaration in violation of 18 U.S.C. § 1623 based on statements from his habeas case that were otherwise previously protected by the attorney-client privilege.  *Tasby v. United States*, 504 F.2d 332, 336–37 (8th Cir. 1974).  Similarly, the Fifth Circuit has held that an

5

attorney's statements revealed in a malpractice action could be used later in a criminal prosecution against the client pursuant to the crime/fraud exception to the attorney-client privilege.  *United States v. Ballard*, 779 F.2d 287, 292–93 (5th Cir. 1986).  Without knowing the context in which formerly privileged communications could be used, the Court is not inclined at this juncture to prematurely prohibit such use in other proceedings before other courts.

Defendant's Motion will be denied without prejudice to his right to move for a protective order as necessary should the Court order further discovery pursuant to Rule 6 of the Section 2255 Rules, or to seek such an order in the context of any future legal proceedings which may arise separately from this case.

### III. CONCLUSION

If Defendant now feels that he is unwilling to proceed with his ineffective assistance claim, he "may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." *Bittaker*, 331 F.3d at 721.  This Court will give Defendant until February 1, 2016, to advise the Court whether he wishes to abandon any of his claims in order to preserve his privilege.  If Defendant does not so advise the Court by that date, this matter will proceed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the Motion [126] to Remand the Court's Order [125] for Defendant's Former Attorney, John Wells, to Respond is **DENIED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Defendant shall

advise the Court in writing if he wishes to abandon any of his claims by February 1, 2016.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that the United States Attorney shall furnish a copy of Defendant's Motion [126] and this Order, to Defendant's former counsel, John B. Wells, and that said former counsel shall not be required to file the affidavit required by this Court's prior Order [125] until February 8, 2016, at the earliest, but said affidavit shall be filed by February 12, 2016, at the latest.

**SO ORDERED AND ADJUDGED**, this the 20th day of January, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE